**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARIA MACHIN,

        Plaintiff,

vs.                            Case No. 3:13-cv-1445-J-99MMH-MCR

BELLSOUTH TELECOMMUNICATIONS,
d/b/a, AT&T,

        Defendant.

_____

## ORDER

    **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Plaintiff initiated the instant action on November 22, 2013 by filing a four-count Complaint.  (Doc. 1; Complaint).  Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."  A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions."  <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002).  Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted.  <u>See</u> <u>id.</u>  Here, Counts II, III and IV in the Complaint incorporate by reference all allegations of all of the preceding counts.  <u>See generally</u> Complaint.

    In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable."  <u>Cramer v. State of Fla.</u>, 117 F.3d 1258, 1263 (11th Cir. 1997); <u>see also</u> <u>Cook v. Randolph County</u>, 573 F.3d 1143, 1151 (11th Cir. 2009)("We have had much to say about shotgun

pleadings, none of which is favorable.")(collecting cases).   As the Court in <u>Cramer</u> recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources."  <u>Cramer</u>, 117 F.3d at 1263.   When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure.  <u>See</u> <u>id.</u> (admonishing district court for not striking shotgun complaint on its own initiative); <u>see</u> <u>also</u> <u>United States ex rel. Atkins v. McInteer</u>, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006)("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.")(citing <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1133 (11th Cir. 2001), <u>abrogated on other grounds as recognized by</u> <u>Douglas Asphalt Co. v. QORE, Inc.</u>, 657 F.3d 1146, 1151 (11th Cir. 2011)).

Accordingly, it is hereby

**ORDERED**:

1.      The Complaint (Doc. 1) is **STRICKEN**.

2.      Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **December 18, 2013**.  Failure to do so may result in a dismissal of this action.

3.     Defendant shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, this 27th day of November, 2013.

**MARCIA MORALES HOWARD**
United States District Judge

lc12

Copies to:
Counsel of Record